Filed 7/10/14  P. v. Mascorro CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B253562 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA126558) |
| v. | |
| IRMA ANGELICA MASCORRO, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Laura R. Walton, Judge.  Affirmed.

Alan Stern, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant, Irma Angelica Mascorro, appeals from the trial court's order denying her motion to withdraw her plea of no contest to assault by means of force likely to produce great bodily injury, a felony, on the ground that at the time she entered the plea she had not been properly advised of the immigration consequences. We affirm the trial court's order.

## BACKGROUND

On March 7, 2013, Mascorro was charged by information with two crimes, assault by means of force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4)),[1] a felony, and making criminal threats (§ 422). At proceedings held on March 21, 2013, Mascorro decided to waive her right to a trial and enter a plea of nolo contendere to the assault charge. In exchange for her plea, the charge of making terrorist threats would be dismissed and she would be granted probation, one condition of which would be that she serve 365 days in county jail.[2]

After the prosecutor advised Mascorro of her right to a trial, her right to confront and cross-examine the witnesses against her, her right to subpoena witnesses and present a defense, her right to testify in her defense and her right against self-incrimination, Mascorro indicated she understood those rights and was willing to waive them in order to accept the plea bargain.

---

[1]    All further statutory references are to the Penal Code unless otherwise indicated.

[2]    At the same proceedings, Mascorro's codefendant, Lisbeth Natalie Chaves, entered a plea of no contest to the misdemeanor of receiving stolen property (§ 496, subd. (a)).

The prosecutor then stated: "Additionally, please listen carefully. If you are not a citizen of the United States, your plea will lead to deportation, exclusion from the United States, and/or denial of naturalization, re-entry or amnesty."[3]

After explaining to Chavez that her sentencing proceedings would be held at a later date, the prosecutor asked: "Finally—all right. Ms. Mascorro and Ms.Chaves, do you have any questions?" Chavez, then Mascorro, each responded, "No." After the trial court indicated it did not wish to "make further inquiry" and the prosecutor could "take the plea," the prosecutor asked Mascorro, "to the charge alleged in count 1, [a] violation of . . . section 245[, subdivision] (a)(4), a felony, how do you plead?" Mascorro responded, "No contest." When the prosecutor then asked if counsel "join[ed] in the waivers, concur[red] with the plea, and stipulate[d] pursuant to *People [v.] West* and the continuing viability of the police report and the preliminary hearing transcript," counsel for Mascorro responded, "Yes."

---

[3]     By advising Mascorro of these consequences to the entry of her plea, the prosecutor was acting in compliance with section 1016.5, which provides in relevant part: "(a) Prior to acceptance of a plea of guilty or nolo contendere to any offense punishable as a crime under state law, except offenses designated as infractions . . . , the court shall administer the following advisement on the record to the defendant:  [¶]  If you are not a citizen, you are hereby advised that conviction of the offense for which you have been charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.  [¶] (b) Upon request, the court shall allow the defendant additional time to consider the appropriateness of the plea in light of the advisement as described in this section.  If, . . . the court fails to advise the defendant as required by this section . . . the court, on defendant's motion, shall vacate the judgment and permit the defendant to withdraw the plea of guilty or nolo contendere . . . ."

Pursuant to her plea agreement, the trial court suspended imposition of sentence and granted Mascorro three years formal probation, one condition of which was that she serve 365 days in county jail. The trial court then awarded Mascorro presentence custody credit for 71 days actually served and 71 days of good time/work time, for a total of 142 days.

On September 18, 2013, Mascorro filed a "Notice of Motion and Motion to Withdraw [Her] Plea Pursuant to . . . [Section] 1016.5." Although the transcript of the plea proceeding indicates the prosecutor advised Mascorro that, if she were not a United States citizen, her plea could " 'lead to deportation, exclusion from the United States, and/or denial of naturalization, re-entry or amnesty[,]' " Mascorro states in her declaration "she did not [hear] anything about getting deported, and nobody made sure that she understood that consequence of her plea." In addition, Mascorro claims she "attempted to ask a question more than once and she was shut down by the interpreter[,] [who told] her to 'be quiet' and 'not to interrupt' [and] after that she became afraid to ask any question[s]." Finally, Mascorro states she was "unaware of the immigration consequences [of her] plea" and "[i]f she had been aware that this conviction would forever preclude her from becoming a United States citizen and that she would face permanent banishment from the United States, she would have requested that her lawyer try to construct a settlement that would not have [had] such severe and final consequences. In fact, . . . [she claims] she asked her attorneys to interview and summon two percipient witnesses that could have possibly testif[ied] on her behalf. Instead, her attorney . . . threatened her and scared her" and told her "[t]hat if she didn't accept [the]

4

offer, she would get seven (7) years in prison . . . ."[4] "Based [on] the foregoing, . . . Mascorro . . . request[ed] that the Court allow her to withdraw her plea[] of Nolo Contendere . . . and enter a plea of not guilty."

The trial court considered Mascorro's motion at a hearing held on October 29, 2013. After hearing argument by the parties, the trial court denied the motion, finding that, when the prosecutor had addressed Mascorro, he had properly advised her of "all of the consequences" of her plea. The court continued, noting the prosecutor had stated: " '[A]dditionally, please listen carefully. If you are not'—not may, but, 'if you are not a citizen of the United States'—'a citizen of the United States,' excuse me, 'your plea will lead to deportation, exclusion from the United States, and/or denial of naturalization, re-entry or amnesty.' " The trial court indicated the prosecutor then, after advising Mascorro of other consequences of her plea, had asked, " 'Ms. Mascorro . . . , do you have any questions?' " and Mascorro had responded, " 'No.' " The trial court concluded, under these circumstances "the advisement [had been] properly given." The court noted it could not "go into what occurred with [Mascorro and] her attorney, or for that matter, with the interpreter. The interpreters' oaths are on file. The court assumes that the interpreter is interpreting properly."

---

[4]     Here, Mascorro pleaded to a violation of section 245, subdivision (a)(4). That section provides in relevant part: "Any person who commits an assault upon the person of another by any means of force likely to produce great bodily injury shall be punished by imprisonment in the state prison for two, three, or four years, or in a county jail for not exceeding one year . . . ." If, however, Mascorro had gone to trial and the court or jury had also found her guilty of making terrorist threats in violation of section 422, she could have been sentenced to a consecutive term of "16 months, or two or three years in the state prison." (§ 18, subd. (a).)

5

Mascorro filed a timely notice of appeal from the trial court's order on December 19, 2013. Her request for a certificate of probable cause was granted the same day.[5]

**CONTENTIONS**

After examination of the record, counsel appointed to represent Mascorro on appeal filed an opening brief which raised no issues and requested this court to conduct an independent review of the record.

By notice filed April 30, 2014, the clerk of this court advised Mascorro to submit within 30 days any contentions, grounds of appeal or arguments she wished this court to consider. In a letter filed May 30, 2014, Mascorro asserted the trial court erred when it denied her motion to withdraw her plea. She stated: "No one told me that I was going to be deported if I pled Guilty or No Contest to the charge I was being accused of. When I was in front of the judge, everything was very confusing, with the prosecutor speaking in English, the interpreter speaking in Spanish **at the same time**, and the Public Defender telling me to respond 'yes' to the questions. When I wanted to ask a question the interpreter first ignored me and then told me to 'be quiet, and to not interrupt.' [¶] If the purpose of . . . section 1016.5 is to insure [*sic*] that the defendant is aware of the consequences of his/her plea, can the appellate [c]ourt find **as a matter of law, that**

---

[5]     The order is appealable pursuant to section 1237.5 which provides that "[n]o appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere . . . except where . . . :  [¶]  (a) [t]he defendant has filed with the trial court a written statement . . . showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings [and] [¶] (b) [t]he trial court has executed and filed a certificate of probable cause . . . ."

under the circumstances described here and in my Motion that was denied back in October 2013, **my plea was intelligent, voluntary and with knowledge and understanding of the consequences?**" (Bold in original.)

Mascorro's contention she was not properly advised of the immigration consequences which could occur if she pled guilty or no contest to the crime of assault by means of force likely to produce great bodily injury is without merit. The record indicates the prosecutor specifically advised Mascorro that, if she were not a United States citizen, entry of her plea would lead to "deportation, exclusion from the United States, and/or denial of naturalization, re-entry or amnesty." A short time later in the proceedings, when the prosecutor asked Mascorro if she had any questions regarding the terms of her plea, she responded, "No." "[W]e presume the court reporter accurately reported the proceedings." (*People v. Anzalone* (2013) 56 Cal.4th 545, 552, fn. 6; *People v. Ayala* (2000) 23 Cal.4th 225, 289.) If Mascorro had been confused or had questions regarding the consequences of her plea, it is not reflected in the record.

A defendant's claim of error must be corroborated by independent, objective evidence. (*In re Alvernaz* (1992) 2 Cal.4th 924, 938, 945.) No such evidence exists here. Instead, after being clearly advised that if she were not a United States citizen her plea could result in deportation, exclusion from the United States and denial of naturalization, re-entry or amnesty, Mascorro pled no contest to the alleged assault. Under these circumstances, we conclude the plea was intelligent, voluntary and made with knowledge and understanding of the immigration consequences.

## REVIEW ON APPEAL

We have examined the entire record and are satisfied counsel has complied fully with counsel's responsibilities.  (*Smith v. Robbins* (2000) 528 U.S. 259, 278-284; *People v. Wende* (1979) 25 Cal.3d 436, 443.)

## DISPOSITION

The trial court's order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

CROSKEY, J.

We concur:

KLEIN, P. J.

ALDRICH, J.